UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANEUM, INC., a Nevada Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BARRON PARTNERS LP, a Delaware limited partnership, and Does 1 through 25, inclusive,<br><br>    Defendants. | **JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(F)**<br><br>07 CIV. 7354 (LAK)<br><br>Scheduling conference:<br>Date: December __, 2007<br>Time: ___ |

Plaintiff and Counterdefendant Caneum, Inc. ("Caneum"), and Defendant and Counterclaimant Barron Partners LP ("Barron"), submit this joint report pursuant to Federal Rule of Civil Procedure 26(f). Marc J. Schneider and Liza M. Perkins-Cohen of Stradling Yocca Carlson & Rauth, and Caryn G. Schechtman and Megan Shea Harwick of DLA Piper US LLP, met telephonically on November 7, 2007 and discussed the matters set forth in Fed. R. Civ. P. 26(f). Based on that meeting, the parties jointly report to the Court as follows:

I.   **SUMMARY OF THE CASE**

Caneum is a technology company, and Barron is a private investment fund. In March 2006, Caneum received $2,000,000 in investment funds from Barron, and in exchange Barron received 4,000,000 convertible preferred shares and warrants to purchase up to 8,000,000 shares of Caneum's common stock. The Preferred Stock Purchase Agreement (the "SPA") and the Registration Rights Agreement, executed on March 24, 2006, set forth rights and obligations of the parties in connection with this transaction.

By and through its Complaint, Caneum alleges that Barron breached the SPA by short selling Caneum stock, engaging in stock trading activity that materially altered the trading market in Caneum's stock, and accumulating a position in Caneum stock in excess of that permitted by the SPA. Caneum further alleges that those breaches profited Barron but have had a lasting adverse effect on Caneum's efforts to raise more capital. Caneum also alleges that Barron has falsely claimed that Caneum failed to meet certain earnings targets set forth in the SPA, and therefore has wrongfully demanded that Caneum issue to Barron even more of its stock. Barron denies these allegations.

By and through its Counterclaims, Barron alleges that Caneum breached the SPA and the Registration Rights Agreement by (i) refusing to issue additional preferred shares to Barron as a result of Caneum's failure to meet its projected Adjusted EBITDA for 2006; (ii) refusing to issue additional shares to Barron as required by the Registration Rights Agreement as a result of Caneum's failure to maintain the effectiveness of the registration statement covering the common shares issuable upon conversion of the outstanding shares of the Series A Preferred Stock and the common shares issuable upon exercise of the warrants held by Barron; and, (iii) failing to file periodic reports with the SEC as required by the SPA. With respect to the allegations in Barron's Counterclaims, Caneum denies some, and asserts as to others that Caneum's performance was prevented or excused due to Barron's wrongful acts.

## II. DISCOVERY

### A. Fed. R. Civ. P. 26(f)(1) Initial Disclosures

The parties propose that the Fed. R. Civ. P. 26(a) initial disclosures be made on or before January 21, 2008. The parties propose no changes to the Federal Rules of Civil Procedure regarding the form or requirement for Rule 26(a) disclosures.

**B.     Fed. R. Civ. P. 26(f)(2) Subjects on Which Discovery May Be Needed**

1. The parties' negotiations of the SPA and the Registration Rights Agreement, including the parties' understanding of certain contractual terms, such as "Adjusted EBITDA."

2. The parties' obligations under the SPA and the Registration Rights Agreement.

3. Barron's open market trading activity in Caneum shares, including all actual or attempted trades by Barron or other relevant individuals or entities.

4. Barron's private acquisitions of Caneum stock, including documents related to Barron's preferred stock conversions and warrant exercises.

5. Barron's general trading practices and policies, including, but not limited to, any policies or practices related to the short selling of stock.

6. Any discussions between the parties in 2007 concerning the sale of Barron's unexercised warrants in Caneum stock.

7. The possible effect of Barron's trading activities in Caneum stock on Caneum's efforts to raise capital.

8. The parties' calculations of Caneum's Adjusted EBITDA for the year ended December 31, 2006.

9. Caneum's obligation, if any, to maintain an effective registration statement covering the common shares issuable upon conversion of the outstanding shares of the Series A Preferred Stock and the common shares issuable upon exercise of the warrants held by Barron.

10. Caneum's filing of any required periodic reports with the SEC, including, but not limited to, the timing of any such reports.

11. Caneum's ineligibility for listing on the OTCBB, including, but not limited to, the reasons for such ineligibility, Caneum's subsequent move to the Pink Sheets, and the effect of same on Barron's ability to sell Caneum stock.

12. Any other subjects relevant to the claims and defenses asserted in this action.

The parties make no admissions as to the truth of the facts described in the above-enumerated subject categories. Moreover, with respect to any discovery requests regarding the above-enumerated subjects, the parties do not waive, and expressly reserve: (a) all objections, including, but not limited to, competency, relevancy, materiality, admissibility, and discoverability; (b) all privileges and work product doctrine; and (c) any other applicable objections, legal rights, and protections.

C. **Fed. R. Civ. P. 26(f)(2) Completion of Discovery**

1. **Non-Expert Discovery**

The parties propose discovery cut-off dates of September 12, 2008 for party lay witnesses, and December 12, 2008 for third-party lay witnesses. These cut-off dates shall apply to both written discovery and depositions.

2. **Expert Witnesses**

The parties believe that two or more expert witnesses may be required in this case on the issues of liability and damages. The parties agree that expert witness' initial reports should be submitted by January 15, 2009, expert witness' rebuttal reports should be submitted by February 16, 2009, and all expert discovery should be completed by April 15, 2009.

3. **Depositions**

The parties will take depositions in this case. Based on the claims currently before the Court, Caneum anticipates taking as many as ten (10) depositions, and Barron anticipates taking as many as ten (10) depositions. The parties may determine that fewer or more than ten depositions are necessary after discovery proceeds in this case.

The parties believe that depositions should commence after written discovery has been substantially completed and the documents have been produced and analyzed.

### D.     Fed. R. Civ. P. 26(f)(2) Phased or Limited Discovery

The parties believe that discovery should not be conducted in phases, limited, or focused on particular issues.

### E.     Fed. R. Civ. P. 26(f)(3) Electronic Discovery

The parties agree that all electronically stored documents and information produced in response to discovery shall be produced on one or more CDs, with the documents and information stored in a software format commonly used in the legal industry.

### F.     Fed. R. Civ. P. 26(f)(4) Privileged and Protected Information

The parties agree that documents or information may be produced in this case that will be deemed confidential by the producing party and, in such event, the parties will make reasonable efforts to submit a stipulated protective order for the Court's approval. The parties agree that, with respect to the presentation of documents and information at trial, the handling of such information and documents should be addressed at the pre-trial conference.

### G.     Fed. R. Civ. P. 26(f)(5) Changes in Limitations and/or Additional Limitations

Unless otherwise set forth herein, the parties do not believe any changes should be made to the discovery rules set forth in the Federal Rules of Civil Procedure or any local rules, nor should any additional limitations be imposed.

### H.     Summary of Discovery Timeline

Based on the foregoing, the parties propose that the discovery deadlines shall be as follows:

| | |
|---|---|
| Initial Disclosures | January 21, 2008 |
| Party (Non-Expert) Discovery | September 12, 2008 |
| Third-Party (Non-Expert) Discovery | December 12, 2008 |
| Experts' Initial Disclosures | January 15, 2009 |

| | |
|---|---|
| Experts' Rebuttal Disclosures | February 16, 2009 |
| Close of Expert Discovery | April 15, 2009 |

### III. LAW AND MOTION MATTERS; SETTLEMENT

#### A. Additional Parties; Amendment of Pleadings

The parties reserve the right to seek leave to amend the pleadings or to add any additional parties. Any motion to amend and/or to add additional parties shall be made on or before July 1, 2008

#### B. Proposed Motion Cut-Off Date

The parties propose that any and all dispositive motions should be filed no later than May 15, 2009. The parties agree that the nonmoving party shall have 31 calendar days after the motion is filed to file its responsive brief, and the moving party shall have 31 calendar days after the responsive brief is filed to file its reply brief. In other words, the latest possible date for the completion of briefing is July 16, 2009.

#### C. Settlement Efforts and Recommended Settlement Procedure

Counsel for Caneum has presented a formal settlement demand to Barron. The parties are willing to engage in settlement negotiations.

### IV. TRIAL

#### A. Severance and Bifurcation

The parties do not believe that the severance, bifurcation, or other ordering of proof is necessary or appropriate.

#### B. Estimated Trial Length and Proposed Dates for Final Pretrial Conference and Trial

The parties anticipate that the trial will take ten (10) business days. The parties propose the following dates for the final pretrial conference and trial:

    Final Pretrial Conference and Disclosures:    July 30, 2009

    Commencement of Trial    August 31, 2009

**C.    Jury Trial**

Caneum reserves its right to a trial by jury. Barron objects to this reservation of right pursuant to Article 11.10 of the SPA.

Respectfully submitted,

Dated: New York, New York
       December 17, 2007

STRADLING YOCCA CARLSON & RAUTH

By: *Marc J. Schneider / LPC*
Marc J. Schneider
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
(949) 725-4000

Liza M. Perkins-Cohen
12230 El Camino Real, Suite 130
San Diego, CA 92130-2090
(858) 720-2150

*Attorneys for Plaintiff Caneum, Inc.*

DLA PIPER US LLP

By:_____
Caryn Schechtman
Megan Shea Harwick
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500

*Attorneys for Defendant Barron Partners LP*

Final Pretrial Conference and Disclosures:     July 30, 2009

Commencement of Trial     August 31, 2009

C.    **Jury Trial**

Caneum reserves its right to a trial by jury. Barron objects to this reservation of right pursuant to Article 11.10 of the SPA.

Respectfully submitted,

Dated: New York, New York
       December 17, 2007

STRADLING YOCCA CARLSON & RAUTH

By: _____
    Marc J. Schneider
    660 Newport Center Drive, Suite 1600
    Newport Beach, CA 92660-6422
    (949) 725-4000

    Liza M. Perkins-Cohen
    12230 El Camino Real, Suite 130
    San Diego, CA 92130-2090
    (858) 720-2150

*Attorneys for Plaintiff Caneum, Inc.*

DLA PIPER US LLP

By: _____
    Caryn Schechtman
    Megan Shea Harwick
    1251 Avenue of the Americas
    New York, New York 10020-1104
    (212) 335-4500

*Attorneys for Defendant Barron Partners LP*