MARC J. SCHNEIDER (MS-1952)
**STRADLING YOCCA CARLSON & RAUTH**
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

LIZA M. PERKINS-COHEN (LP-7070)
**STRADLING YOCCA CARLSON & RAUTH**
A Professional Corporation
12230 El Camino Real, Suite 130
San Diego, CA 92130-2090
Telephone: (858) 720-2150
Fax: (858) 720-2160

Attorneys For Plaintiff
CANEUM, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANEUM, INC., a Nevada Corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>BARRON PARTNERS LP, a Delaware limited partnership, and Does 1 through 25, inclusive,<br><br>        Defendants. | **ANSWER TO COUNTERCLAIMS**<br><br>07 CIV. 7354 |

Plaintiff CANEUM, INC. ("Caneum") hereby files this Answer to the counterclaims filed by Defendant and Counterclaimant BARRON PARTNERS LP ("Barron") in its Answer and Counterclaims filed October 24, 2007, as follows:

    1.    Answering Paragraph 1 the Counterclaims (beginning at page 13 of Barron's Answer and Counterclaims), Caneum denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. Answering Paragraph 2 of the Counterclaims, Caneum admits that it is a Nevada corporation with its principal place of business in Newport Beach, California.

3. Answering Paragraph 3 of the Counterclaims, the allegations therein are conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Caneum admits the allegations contained in Paragraph 3 of the Counterclaims.

4. Answering Paragraph 4 of the Counterclaims, the allegations therein are conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Caneum admits the allegations contained in Paragraph 4 of the Counterclaims.

5. Answering Paragraph 5 of the Counterclaims, Caneum admits that the parties consented to this Court's jurisdiction.

6. Answering Paragraph 6 of the Counterclaims, Caneum admits that: (a) Caneum entered into the Preferred Stock Purchase Agreement (the "Stock Purchase Agreement") with Barron on March 24, 2006; (b) Barron paid Caneum $2,000,000 in cash; and (c) Caneum gave Barron 4,000,000 convertible preferred shares and warrants to purchase up to 8,000,000 common shares (4,000,000 "A" warrants exercisable at $0.50 per share, 2,000,000 "B" warrants exercisable at $1.00 per share, and 2,000,000 "C" warrants exercisable at $1.50 per share). Paragraph 6 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself. To the extent the allegations in Paragraph 6 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations. Caneum denies the remaining allegations in Paragraph 6 of the Counterclaims.

7. Paragraph 7 of the Counterclaims purports to restate, characterize, or interpret the Preferred Stock Purchase Agreement dated March 24, 2006 (the "Stock Purchase Agreement"), which speaks for itself. To the extent the allegations in

Paragraph 7 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

8.  Paragraph 8 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself.  To the extent the allegations in Paragraph 8 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

9.  Paragraph 9 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself.  To the extent the allegations in Paragraph 9 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

10.  Answering Paragraph 10 of the Counterclaims, Caneum admits that, when the parties defined "Adjusted EBITDA" in the Stock Purchase Agreement, they intended to "take into account the fact that Caneum intended to make certain acquisitions during 2006 and to facilitate Caneum's ability to meet its EBITDA requirements under the SPA."  The remainder of Paragraph 10 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself.  To the extent the remaining allegations Paragraph 10 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

11.  Answering Paragraph 11 of the Counterclaims, Caneum admits that it filed its Form 10-KSB for the year ended December 31, 2006 on July 3, 2007.

12.  Answering Paragraph 12 of the Counterclaims, Caneum admits that Barron asked Caneum to provide it with Caneum's 2006 Adjusted EBITDA, as the term "Adjusted EBITDA" is defined in the Stock Purchase Agreement.

13.  Answering Paragraph 13 of the Counterclaims, Caneum admits that, on July 24, 2007, it provided Barron its calculation of Adjusted EBITDA for the year ended December 31, 2006.  The remaining allegations of Paragraph 13 of the Counterclaims purport to restate, characterize, or interpret Caneum's July 24, 2007 correspondence

and/or the Stock Purchase Agreement, the contents of which speak for themselves. To the extent the remaining allegations Paragraph 13 differ in words, meaning, effect, or implication from Caneum's July 24 correspondence or the Stock Purchase Agreement, as applicable, Caneum denies the allegations.

14. Paragraph 14 of the Counterclaims purports to restate, characterize, or interpret Caneum's July 24, 2007 correspondence and/or the Stock Purchase Agreement, the contents of which speak for themselves. To the extent Paragraph 14 differs in words, meaning, effect, or implication from Caneum's July 24 correspondence or the Stock Purchase Agreement, as applicable, Caneum denies the allegations.

15. Answering Paragraph 15 of the Counterclaims, Caneum admits that, on July 27, 2007, Barron informed Caneum that it disagreed with Caneum's Adjusted EBITDA calculation and provided Caneum with its calculation of Caneum's Adjusted EBITDA for the fiscal year December 31, 2006.

16. Paragraph 16 of the Counterclaims purports to restate, characterize, or interpret Barron's July 27, 2007 correspondence and/or the Stock Purchase Agreement, the contents of which speak for themselves. To the extent Paragraph 16 differs in words, meaning, effect, or implication from Barron's July 27 correspondence or the Stock Purchase Agreement, as applicable, Caneum denies the allegations.

17. Paragraph 17 of the Counterclaims purports to restate, characterize, or interpret Barron's July 27, 2007 correspondence and/or the Stock Purchase Agreement, the contents of which speak for themselves. To the extent Paragraph 17 differs in words, meaning, effect, or implication from Barron's July 27 correspondence or the Stock Purchase Agreement, as applicable, Caneum denies the allegations.

18. Paragraph 18 of the Counterclaims purports to restate, characterize, or interpret Caneum's July 24, 2007 correspondence, Barron's July 27, 2007 correspondence, and/or the Stock Purchase Agreement, the contents of which speak for themselves. To the extent Paragraph 18 differs in words, meaning, effect, or implication

4

from Caneum's July 24, 2007 correspondence, Barron's July 27 correspondence, or the Stock Purchase Agreement, as applicable, Caneum denies the allegations.

19. Paragraph 19 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement and/or Barron's July 27 correspondence, the contents of which speak for themselves. To the extent Paragraph 19 differs in words, meaning, effect, or implication from the Stock Purchase Agreement or Barron's July 27 correspondence, Caneum denies the allegations.

20. Answering Paragraph 20 of the Counterclaims, Caneum admits that Barron has wrongfully demanded that it be issued 1,720,000 preferred shares, and that Caneum has not issued these shares. Caneum denies the remaining allegations in Paragraph 20 of the Counterclaims.

21. Paragraph 21 of the Counterclaims purports to restate, characterize, or interpret the Registration Rights Agreement, which speaks for itself. To the extent the allegations in Paragraph 21 differ in words, meaning, effect, or implication from the Registration Rights Agreement, Caneum denies the allegations.

22. Paragraph 22 of the Counterclaims purports to restate, characterize, or interpret the Registration Rights Agreement, which speaks for itself. To the extent the allegations in Paragraph 22 differ in words, meaning, effect, or implication from the Registration Rights Agreement, Caneum denies the allegations.

23. Answering Paragraph 23 of the Counterclaims, Caneum admits that it filed a registration statement for the common shares issuable upon conversion of the preferred stock or upon exercise of the warrants held by Barron. Caneum further admits the registration statement was declared effective by the SEC on July 5, 2006. The remaining allegations in Paragraph 23 are conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Caneum denies the remaining allegations in Paragraph 23.

24. Paragraph 24 of the Counterclaims purports to restate, characterize, or interpret the Registration Rights Agreement, which speaks for itself. To the extent the allegations in Paragraph 24 differ in words, meaning, effect, or implication from the Registration Rights Agreement, Caneum denies the allegations.

25. Answering Paragraph 25 of the Counterclaims, Caneum admits that Barron has wrongfully demanded that it be issued additional shares of Caneum stock, and that Caneum has not issued those shares. Caneum denies the remaining allegations in Paragraph 25.

26. Paragraph 26 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself. To the extent the allegations in Paragraph 26 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

27. Answering Paragraph 27 of the Counterclaims, Caneum admits that, at the time the parties entered into the Stock Purchase Agreement, its stock price was quoted by the OTCBB. The remaining allegations in Paragraph 27 are conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Caneum denies the allegations.

28. Answering Paragraph 28 of the Counterclaims, the allegations therein are conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Caneum denies the allegations contained in Paragraph 28 of the Counterclaims.

29. Answering Paragraph 29 of the Counterclaims, the allegations therein are conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Caneum denies the allegations contained in Paragraph 29 of the Counterclaims.

30. Answering Paragraph 30 of the Counterclaims, Caneum is without sufficient knowledge or information to form a belief as to the truth of such allegations

and, on that basis, denies the allegations. Furthermore, to the extent the allegations in the first sentence of Paragraph 30 are conclusions of law, not averments of fact, no response is required.

31.     Answering Paragraph 31 of the Counterclaims, Caneum is without sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, denies the allegations.

32.     Answering Paragraph 32 of the Counterclaims, Caneum admits that, on April 2, 2007, Caneum filed with the SEC a Notification of Late Filing with respect to its 10-K for the period ended December 31, 2006. Caneum further admits that, on July 3, 2007, it filed with the SEC its 10-KSB for the period ended December 31, 2006. Caneum denies the remaining allegations in Paragraph 32.

33.     Answering Paragraph 33 of the Counterclaims, Caneum admits that, on May 15, 2007, Caneum filed with the SEC a Notification of Inability to Timely File Form 10-Q or 10-QSB for the period ended March 31, 2007. Caneum further admits that it filed its Form 10-QSB for the period ended March 31, 2007 on August 21, 2007. Caneum denies the remaining allegations in Paragraph 33.

34.     Answering Paragraph 34 of the Counterclaims, Caneum admits that Caneum filed with the SEC a Notification of Inability to Timely File Form 10-Q or 10-QSB for the period ended June 30, 2007 but asserts that it filed this form on August 14, 2007, not August 15, 2007. Caneum further admits that it filed its Form 10-QSB for the period ended June 30, 2007 on September 10, 2007.

35.     Answering Paragraph 35 of the Counterclaims, Caneum admits that its securities are no longer quoted on the OTCBB, and that its securities are now quoted on the Pink Sheets. Caneum denies the remaining allegations in Paragraph 35.

36.     Answering Paragraph 36 of the Counterclaims, Caneum is without sufficient knowledge or information to form a belief as to the truth of such allegations and, on that basis, denies the allegations.

7

37. Caneum denies the allegations in Paragraph 37 of the Counterclaims.

38. Answering Paragraph 38 of the Counterclaims, Caneum incorporates by reference the answers to paragraphs 1 through 37 of the Counterclaims as if fully set forth herein.

39. Caneum denies the allegations in Paragraph 39 of the Counterclaims.

40. Paragraph 40 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself. To the extent the allegations in Paragraph 40 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

41. Caneum denies the allegations in Paragraph 41 of the Counterclaims.

42. Answering Paragraph 42 of the Counterclaims, Caneum admits that it has not issued 1,720,000 additional shares to Barron in response to Barron's demand. Caneum denies the remaining allegations in Paragraph 42 of the Counterclaims.

43. Caneum denies the allegations in Paragraph 43 of the Counterclaims.

44. Answering Paragraph 44 of the Counterclaims, Caneum incorporates by reference the answers to paragraphs 1 through 43 of the Counterclaims as if fully set forth herein.

45. Caneum denies the allegations in Paragraph 45 of the Counterclaims.

46. Paragraph 46 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself. To the extent the allegations in Paragraph 46 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

47. The allegations in Paragraph 47 of the Counterclaims are conclusions of law, not averments of fact, to which no response is required. To the extent a response is required, Caneum denies the allegations in Paragraph 47.

48. Paragraph 48 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself. To the extent the

allegations in Paragraph 48 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

49. Caneum denies the allegations in Paragraph 49 of the Counterclaims.

50. Answering Paragraph 50 of the Counterclaims, Caneum admits that it has not issued to Barron the 210,000 shares Barron alleges it is owed. Caneum denies the remaining allegations in Paragraph 50 of the Counterclaims.

51. Caneum denies the allegations in Paragraph 51 of the Counterclaims.

52. Answering Paragraph 52 of the Counterclaims, Caneum incorporates by reference the answers to paragraphs 1 through 51 of the Counterclaims as if fully set forth herein.

53. Caneum denies the allegations in Paragraph 53 of the Counterclaims.

54. Paragraph 54 of the Counterclaims purports to restate, characterize, or interpret the Stock Purchase Agreement, which speaks for itself. To the extent the allegations in Paragraph 54 differ in words, meaning, effect, or implication from the Stock Purchase Agreement, Caneum denies the allegations.

55. Answering Paragraph 55 of the Counterclaims, Caneum admits that:

(a) On April 2, 2007, Caneum filed with the SEC a Notification of Late Filing with respect to its 10-K for the period ended December 31, 2006;

(b) On July 3, 2007, Caneum filed with the SEC its 10-KSB for the period ended December 31, 2006;

(c) On May 15, 2007, Caneum filed with the SEC a Notification of Inability to Timely File Form 10-Q or 10-QSB for the period ended March 31, 2007;

(d) On August 21, 2007, Caneum filed its Form 10-QSB for the period ended March 31, 2007;

(e) On August 14, 2007, Caneum filed with the SEC a Notification of Inability to Timely File Form 10-Q or 10-QSB for the period ended June 30, 2007; and

(f) On September 10, 2007, Caneum filed its Form 10-QSB for the period ended June 30, 2007.

Caneum denies the remaining allegations in Paragraph 55 of the Counterclaims.

56. Caneum denies the allegations in Paragraph 56 of the Counterclaims.

57. Caneum denies the allegations in Paragraph 57 of the Counterclaims.

58. Caneum denies the allegations in Paragraph 58 of the Counterclaims.

59. Caneum denies the allegations in Paragraph 59 of the Counterclaims.

60. Answering Barron's prayer for relief, Caneum denies the allegations in Barron's prayer for relief and further denies that Barron is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

61. Barron's claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Wrongful Conduct and Breach)

62. Barron's claims are barred, in whole or in part, by reason of Barron's own wrongful conduct and breach of the Stock Purchase Agreement.

### THIRD AFFIRMATIVE DEFENSE

(No Damage)

63. Barron is barred, in whole or in part, from recovering on its claims because Barron has not suffered any cognizable damage or other harm as a result of any act or omission of Caneum.

### FOURTH AFFIRMATIVE DEFENSE

(No Causation)

64. Barron's claims are barred, in whole or in part, because the alleged harm to Barron, if any, was proximately caused by Barron, by parties other than Caneum, and/or by market factors, and not by Caneum's alleged wrongful conduct.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

65. Barron's claims are barred, in whole or in part, by Barron's unclean hands and inequitable conduct.

### SIXTH AFFIRMATIVE DEFENSE

(Excuse)

66. Barron's claims are barred, in whole or in part, because Barron's breaches and/or anticipatory breaches of the Stock Purchase Agreement excused Caneum from further performance under the Stock Purchase Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

67. Barron's claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

68. Barron's claims are barred, in whole or in part, because Barron has waived all claims and rights to recovery.

### NINTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

69. Barron's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

(Laches)

70. Barron's claims are barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

71. Barron is barred from recovery, in whole or in part, by reason of Barron's failure to mitigate its alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

(Good Faith)

72. Barron's claims are barred, in whole or in part, because Caneum acted in good faith at all times and did not directly or indirectly cause the harm alleged.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Performance)

73. Barron's claims are barred, in whole or in part, because all of Caneum's actions were consistent with its contractual rights and obligations.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Set-off)

74. Barron's recovery is barred, in whole or in part, because Caneum has a right of set-off.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Adequacy of Remedy at Law)

75. To the extent Barron seeks equitable or injunctive relief, such relief is barred, in whole or in part, because there are other adequate and less drastic remedies available.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Parol Evidence Rule)

76. Barron's claims are barred, in whole or in part, by the parol evidence rule.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Consent)

77. Barron's claims are barred, in whole or in part, because Barron at all times gave its consent, express or implied, to any and all acts, omissions, and conduct of Caneum as alleged in the Counterclaims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

78. Barron's claims are barred, in whole or in part, because there has been an accord and satisfaction of the claims asserted by Barron.

## NINETEENTH AFFIRMATIVE DEFENSE

(Ratification)

79. Barron's claims are barred, in whole or in part, because Barron has ratified any and all acts, omissions, and conduct of Caneum as alleged in the Counterclaims.

## TWENTIETH AFFIRMATIVE DEFENSE

(Termination and/or Cancellation)

80. Barron's claims are barred, in whole or in part, because Barron terminated and/or cancelled the Stock Purchase Agreement.

## RESERVATION OF RIGHT TO AMEND

Caneum hereby gives notice that it intends to rely upon any other affirmative defenses that may become available or apparent during the discovery process and/or at trial in this matter and hereby reserves its right to amend this Answer to assert any such defenses.

For the reasons set forth above and other reasons that may be adduced during discovery in this case, Caneum respectfully requests that Barron take nothing by its Counterclaims and seeks an award of its attorneys fees, costs, and such other relief as the Court deems just and proper.

Dated:  January 7, 2008			MARC J. SCHNEIDER
						LIZA M. PERKINS-COHEN
						STRADLING YOCCA CARLSON & RAUTH
						A Professional Corporation


						By:  _____s/Liza Perkins-Cohen_____
							Liza Perkins-Cohen
							Attorneys for Plaintiff
							CANEUM, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss
COUNTY OF SAN DIEGO      )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 12230 El Camino Real, Suite 130, San Diego, California 92130. On January 7, 2008, I served the following documents:

## ANSWER TO COUNTERCLAIMS

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 12230 El Camino Real, San Diego, CA 92130, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed FEDERAL EXPRESS package for overnight delivery at San Diego, California addressed as set forth below.

☒   by scanning the document(s) listed above and sending via electronic mail from San Diego, CA to the recipient(s) at the electronic mail addresses listed below

Caryn Schechtman
Megan Shea Harwick
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
E-mail: megan.shea@dlapiper.com

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on January 7, 2008, at San Diego, California.

_____
Leia Villasenor